# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

DEMARCO RASHAD BUTLER,

    Plaintiff,

v.

GLEN JOHNSON; EDWINA JOHNSON; NATHAN BROOKS; and WILLIAM STEEDLEY,

    Defendants.

CIVIL ACTION NO.: 5:15-cv-18

## O R D E R

Plaintiff, who is currently housed a Ware State Prison in Waycross, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) Specifically, Plaintiff alleges that he has been deprived of mental health treatment while housed at Ware State Prison. As such, Plaintiff contends that Defendants have been deliberately indifferent to a serious medical need. The Court has conducted a frivolity review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court provides Plaintiff with an opportunity to amend his claims to state a cognizable claim for relief.

In order to prove a deliberate indifference claim for failure to provide medical care, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee

Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

The Court notes that "mental health needs are no less serious than physical needs" for purposes of the Eighth Amendment. Gates v. Cook, 376 F.3d 323, 332 (5th Cir. 2004). Plaintiff has clearly alleged that he has a serious medical need as he has alleged that he has attempted suicide on numerous occasions and has been sent to a mental health facility. (Doc. 1, p. 5.) However, it does not appear that Plaintiff has alleged how Defendants have participated in the violation of Plaintiff's constitutional rights. In Section 1983 actions, liability must be based on something more than a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the

supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

Plaintiff has not alleged in any way how the named Defendants were involved in the violation of his right to treatment for a serious medical need. Indeed, his statement of claim does not even mention Defendants. (Doc. 1, p. 5.) Thus, the Court could dismiss his Complaint for failure to state a claim. However, in abundance of caution and particularly given the serious danger to Plaintiff's health and safety alleged in the Complaint, the Court will allow Plaintiff a chance to amend his Complaint to more particularly state his claims against Defendants. Wherefore, Plaintiff is hereby **ORDERED** to amend his Complaint within **twenty-one (21) days** of the date of this Order. Plaintiff is cautioned that should he fail to timely amend his Complaint, the Court may dismiss this action for failure to prosecute and failure to follow this Court's Orders.

**SO ORDERED**, this 11th day of December, 2015.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA